IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-65-GMS |
| | : | |
| | : | |
| WILLIAM PARSON, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

Defendant, William Parson, through his counsel, Eleni Kousoulis, hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an order suppressing for use by the government any and all evidence seized from Mr. Parson, on or about March 31, 2006, including any and all of Mr. Parson's statements made to law enforcement officers.

In support of this motion the defense submits as follows:

1.      On March 31, 2006, officers responded to the parking lot area south of the Extreme Nite Club in Dover, DE, where they encountered Mr. Parson and several other individuals next to a green Chrysler Sebring. Officers observed one of the individuals throw what appeared to be a gun inside of the vehicle. The officers placed all the suspects into custody and proceeded to search the vehicle. Inside the vehicle two firearms were recovered; one on the front seat and another gun wrapped in a jacket in the trunk area of the vehicle. After being placed in police custody and in

response to police questioning, Mr. Parson is alleged to have made inculpatory statements.[1]

2.  The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967).

3.  A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers. United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (citing California v. Hodari D., 499 U.S. 621, 626 (1991). Mr. Parson was clearly seized by police in this case. A seizure without a warrant or probable cause may only be conducted in the form of a brief investigatory stop, when the officer has reasonable suspicion that the individual is engaged in criminal activity. Couden v. Duffy, 446 F.3d 483, 494 (3d Cir. 2006) (citations omitted).

4.  Where no probable cause and no warrant exist for a subsequent search, suppression of any evidence recovered will be required. United States v. Roberson, 90 F.3d 75 (3d Cir. 1996); Hayes v. Florida, 105 S. Ct. 1643 (1985); United States v. Shaefer, Michael & Clairton 637 F.2d 200 (3rd Cir. 1980). In a warrantless search case the government bears the burden of establishing that the search comes within one of the exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443 (1971); United States v. Jeffers, 342 U.S. 48 (1951).

---

[1] Any facts contained in this motion were taken from the police reports prepared with regard to this case. By including these facts in its pre-trial motion, the defense in no way concedes that events transpired as stated in the police report. It is the defense's position that an evidentiary hearing is needed to further develop the facts with regard to this motion through the adversarial process.

5.      In the present case, the warrantless search of the car was in violation of the Fourth Amendment. Because the search was illegal, all evidence seized from this illegal search, including any statements taken from Mr. Parson following his seizure, must be suppressed in accordance with the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

6.      The defendant also moves under the Fifth Amendment and Miranda to suppress any statements he allegedly made during, or subsequent to, his illegal seizure. According to Jackson v. Denno, 378 U.S. 368, 380 (1964): "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny. See Miranda, 384 U.S. at 475.

7.      It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. Miranda, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. Id. at 444.

8.      In this case, prior to being questioned by police, Mr. Parson was not advised of his rights pursuant to Miranda, and there was no affirmative indication of understanding or voluntary waiver of the entire litany of constitutional rights. See Miranda, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant).

**WHEREFORE**, Defendant respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an order to suppress the evidence and statements as discussed above.

    Respectfully submitted,

/s/
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
Attorney for Defendant William Parson

DATED: August 24, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-65-GMS |
| | : | |
| | : | |
| WILLIAM PARSON, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

    Undersigned counsel certifies that a copy of Defendant Pre-Trial Motion to Suppress Evidence And Statements is available for public viewing and downloading and was electronically delivered on August 24, 2006, to:

> Edmond Falgowski, Esquire
> Assistant U.S. Attorney
> 1007 Orange Street
> Suite 700, P.O. Box 2046
> Wilmington, DE  19899-2046

> /s/
> Eleni Kousoulis, Esquire
> Assistant Federal Public Defender
> 704 King St., Suite 110
> Wilmington, Delaware  19801
> Attorney for Defendant Wayne Gamble

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-65-GMS |
| | : | |
| | : | |
| WILLIAM PARSON, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant Parson's Motion to Suppress Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2006, that any evidence seized at the time of Mr. Parson's arrest in this case, including any statements made by Mr. Parson, shall be suppressed.

_____
Honorable Gregory M. Sleet
United States District Court
